IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RAYMOND THOMAS, #T0509                                              PLAINTIFF

VERSUS                              CIVIL ACTION NO.   4:05cv142TSL-JCS

CHRISTOPHER B. EPPS, LARRY GREER,
and S. ATWOOD                                                      DEFENDANTS

ORDER

Upon consideration of the conditions of confinement complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff in the above entitled action, the application of plaintiff for leave to proceed in forma pauperis, and the supporting affidavit submitted pursuant to 28 U.S.C. § 1915, the Court makes the following findings and conclusions.

To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The plaintiff was directed by the order [9-1] entered on March 29, 2006, to file a written response to specifically state how each of the defendants violated his constitutional rights. In his response [11-1] filed June 9, 2006, the plaintiff only stated that defendant Atwood had denied him medical treatment.

At best, his claim against defendant Epps is one based on the theory of respondeat superior. Since the complaint is brought pursuant to 42 U.S.C. § 1983, Christopher B. Epps, cannot

be held liable for the actions of an employee under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  As for his claim against defendant Greer, the plaintiff has failed to assert any allegations which rise to a level of constitutional deprivation.  Even though the Court must liberally construe the pro se litigant's pleadings, this does not allow the Court to consider unpled facts.  See McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977)).  A pro se litigant must set forth facts giving rise to a claim on which relief may be granted.  Levitt v. University of Texas at El Paso, 847 F.2d 221, 224 (5th Cir.), cert. denied, 488 U.S. 984 (1988).  Hence, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against Christopher B. Epps, and Larry Greer.  It is, therefore

    ORDERED AND ADJUDGED:

    1.  That defendants CHRISTOPHER B. EPPS and LARRY GREER are dismissed without prejudice.

    2.  That the plaintiff within 20 days of the date of this order shall provide this Court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted.  Plaintiff shall also provide the name of the Court and name(s) of defendant(s) in each civil action identified.

3.   That the United States District Clerk is hereby directed to issue summons to the defendant,

>       S. ATWOOD, Nurse
>       East Mississippi Correctional Facility
>       10641 Highway 80
>       Meridian, Mississippi 39307

<u>requiring a response to the complaints</u>.  The Clerk is directed to attach a copy of this order, a copy of the order [9-1] filed March 29, 2006, and the response [11-1] filed June 9, 2006 to each complaint [1-1] that will be served on the named defendant. The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

4.   That the defendant file her answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

5.   That subpoenas shall not be issued except by order of the Court.  The United States District Clerk shall not issue subpoenas upon request of the <u>pro se</u> litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all requests for the issuance of subpoenas to this office for review.

**The plaintiff should understand that this order allowing process to issue against the above named defendant does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

3

It is the plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.

THIS the   15th    day of June, 2006.

>                             /s/ Tom S. Lee
>                             UNITED STATES DISTRICT JUDGE