IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RAYMOND THOMAS**                                                                                                           **PLAINTIFF**

**VS.**                                                                                              **CIVIL ACTION NO. 4:05CV142LA**

**SANDRA ATWOOD**                                                                                                        **DEFENDANT**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 29th day of January, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney Lee Thaggard. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff alleges that he has been prescribed pain medication for a back injury that occurred prior to his incarceration, but that prison medical personnel have refused to provide him with anything other than Tylenol for pain. According to Thomas, the Tylenol has not been effective to alleviate his pain, and he testified at the hearing that his back has never been examined. He also claims that one of the nurses, who is not a

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Defendant in this matter, threw away one of his sick call requests. According to the Request for Administrative Remedy that he submitted to prison officials, he was then compelled to fill out another sick call request.

At the hearing, counsel for the Defendant provided the court and Thomas with a copy of his medical records. However, because those records have not been authenticated or made part of the record, the court is precluded from using them to contradict Thomas's testimony at this time. *Norton v. DiManza*, 122 F.3d 286, 292-93 (5th Cir. 1997);*Williams v. Luna*, 909 F. 2d 121, 124 (5th Cir. 1990). However, this does not preclude the Defendant from relying on those records, with the proper authentication, as part of a motion seeking dismissal.

    2.    **DISCOVERY ISSUES and PENDING MOTION**

As stated earlier, the Plaintiff's medical records were provided to him during the hearing. They may be authenticated by affidavit for use in support of subsequent motions or trial, where they may be admitted as a general exhibit. No physician testimony will be required at trial. There are no other discovery matters pending, except for those set forth herein, which will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

    3.    **TRIAL WITNESSES**

The Plaintiff was instructed to submit to the court a list of inmate witnesses, not to exceed three to testify on his behalf at the trial of this matter: When a trial date is set, the court will order that subpoenas *ad testificandum* issue for those persons, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

**4.    PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for submitting motions in this matter is March 30, 2007.  If necessary, the trial will be scheduled after that date.

IT IS SO ORDERED, this the 7th day of February, 2007.

S/Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE